## WILLIAM BELL, ET AL., *v.* W. W. BRYANT.

**Practice—Pleading—Lien of Landlord on Produce, etc.**

A petition is bad on demurrer when it fails to aver that the debt is due or that the condition exists which makes it due.

**Lien of Landlord.**

> While under the statute the landlord has a lien on the produce of the premises rented under certain conditions, such a lien is lost if such property is removed from such rented premises.

### APPEAL FROM SHELBY CIRCUIT COURT.

#### January 16, 1875.

OPINION BY JUDGE PETERS:

At the time the petition was filed, the debts claimed by appellee were not due, and he prays for a judgment when his debts are due, against "all the defendants, provided the said assignees shall not surrender a sufficient amount of said oats to pay his debts, and all proper relief."

There was a demurrer to the petition, which was overruled, and a judgment rendered against Bell and Harbison, the assignees for the debt claimed.

Conceding that appellee had an exclusive lien on the oats, the produce of the premises rented, before judgment, could have been rendered in his favor against appellants, he should have amended his petition, and alleged that the rent was then due and unpaid, and as his prayer for a judgment was conditional, that the oats were not surrendered to pay his debt, which he alleged were sufficient for the purpose. He should also have alleged that the oats or a sufficiency thereof had not been surrendered. Consequently the demurrer was improperly overruled, and the judgment must be reversed for that reason. It is deemed proper to express an opinion whether appellee's lien existed on the oats after they were removed from the premises.

If the lien existed it was by statute. By an amendment to Art 2, Chap. 56, of Rev. Stat., title Landlord and Tenant, approved February 16, 1858, 2 Rev. Stat. 99, it is enacted that Sec. 14, Art. 2, Chap. 56, title Landlord and Tenant, be and the same is repealed, and in lieu thereof it is enacted that a landlord shall have an exclusive lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant or under tenant, found upon the rented premises, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than four months.

The lien secured by this statute, by its terms, is upon the produce

of the farm or premises rented, the fixtures, the household furniture and other personal property of the tenant or under-tenant found on the rented premises, etc. If the property described be removed from the rented premises, the landlord's lien is lost, and his condition is no better than that of other creditors.

The judgment must, therefore, be *reversed* and the cause remanded with directions to sustain appellant's demurrer to the petition, and for further proceedings consistent with this opinion.

*Caldwell & Harwood, for appellants.*
*A. E. Roberts, for appellee.*